# EXHIBIT H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

―――――――――――――――――――――――――x

THE PEOPLE OF THE STATE OF NEW YORK     :

                                              :   **VOLUNTARY DISCLOSURE FORM**

           -against-     :

ERIC SMOKES                             :   INDICTMENT NO. _____
DAVID WARREN,
                                              :   DOCKET NO. _____

                        Defendant(s).    :

―――――――――――――――――――――――――x

       The People of the State of New York hereby voluntarily disclose to defendant(s) factual information pertaining to the above-captioned indictment, in anticipation that a demand and motion would otherwise be filed pursuant to section 200.90 and article 240 of the Criminal Procedure Law.

1. Occurrence:   Date   1/1/87
                 App. Time   12:05 am
                 Place   W. 52nd Street

2. Arrest:   Date   1/8/87
                 App. Time   _____
                 Place   MTN stationhouse

3. The following are some of the police officers who were involved in the arrest and/or preceding police investigation:

   | | |
   |---|---|
   | Det. George DelGrosso | MTN |
   | Det. James Kennedy | MTN |

4.  [X] If checked, the following is a summary to date of the nature and extent of the injuries sustained, and the place and extent of the medical treatment received by such injured person, other than defendant(s).

    The victim was killed.

5.  [X] If checked, notice is hereby served, pursuant to CPL 710.30 (1)(a), that the People intend to offer at trial evidence of a statement made by defendant to a public servant. This statement and the circumstances under which it was made is summarized as follows.:

    a.  Date and location of the statement: 1/3/87 evening - Brooklyn

    b.  Individual to whom the statement was made: Det. DelGrasso

    c.  Summary of the statement: Both defendants admitted to knowing each other, coming into midtown together on New Years Eve, staying together all the time until they returned home, that while at 41st, Defendant Smokes punched a young man in the head; both defendants denied going north of 48th Street. Both defendants said they hung out at Albee Square Mall in Brooklyn. Defendant Smokes said he was called Smokie. Defendant Warren said he was called Young. Defendant Warren said that since the summer he has been with Smokes a number of times when he hit people.

6. [ X ] If checked, notice is hereby served, pursuant to CPL 710.30(1)(b), that the People intend to offer at trial testimony regarding an observation of defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the indictment, to be given by a witness who has previously identified defendant.

   a. Number of identifying witnesses: ___4___

   b. Type of identification: __Line-up__

   Place made: ___MTN___

   Date made: 1/8/87      Time made: _____

   c. Type of identification: _____

   Place made: _____

   Date made: _____      Time made: _____

7. Pursuant to CPL 250.20, the People hereby demand that defendant supply the District Attorney with (a) the place or places where defendant claims to have been at the time of the commission of the crime, and (b), the names, residential addresses, places of employment and addresses thereof of every alibi witness upon whom defendant intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Within a reasonable time upon the receipt of the information specified above, the District Attorney will submit a list of any rebuttal witnesses, their addresses, and employers.

8. Pursuant ot CPL 240.30(1), the People hereby demand that defendant supply the District Attorney with (a) any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test, experiment, or comparisons, made by or at the request or direction of the defendant; and (b) any photograph, drawing, tape, or other electronic recordings which the defendant intends to introduce at trial.

9. If the People have any material which must be turned over to defendant pursuant to judicial interpretations of the United States Constitution, it is disclosed below:

_____
_____
_____
_____
_____
_____

10. [ ] If checked, the People have and hereby disclosed written, oral, or recorded statements of defendant or a co-defendant to be jointly tried, not previously referred to in paragraph five, which are required to be disclosed by CPL 240.20(1)(a).

_____
_____
_____
_____
_____
_____

11. Defendant(s) [ ] did [ X ] did not testify before the Grand Jury. Such testimony is available upon payment of stenographic fees. CPL 240.20(1)(b).

12. Attached is a copy of the following report(s), provided pursuant to CPL 240.20(1)(c).

    ( ) Medical Examiner's Report     ( ) Fingerprint Report
    ( ) Serology Report               ( ) Handwriting Analysis Report
    ( ) Narcotics Report              ( ) Other _____
                                          _____

13. [ ] If checked, the People have and will permit defendant's attorney to examine any photograph or drawing related to the above-captioned indictment made or completed by a public servant engaged in law enforcement or which was made by a person whom the People intend to call as a witness at trial, or which the People intend to introduce at trial. CPL 240.20(1)(d).

14. The following is a list of some of the property which may be offered at the trial of the defendant.

    _____
    _____
    _____
    _____
    _____
    _____

15. [ ] If checked, the People have and will make available to defendant's attorney, for inspection and listening, tapes or electronic recordings which the People intend to introduce at trial. CPL 240.20(1)(f).

16. [ ] If checked, a search warrant was executed during the investigation that preceded the instant prosecution.

17. Additional disclosure: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

18. This voluntary disclosure form is filed and served as a reply in anticipation of a motion and a demand by defendant for discovery, inspection, and a bill of particulars, pursuant to section 200.90 and article 240 of the Criminal Procedure Law. Any defense motion addressed to the above-captioned indictment should be directed to the attention of the assistant district attorney listed below.

DATED:  New York, New York

   January 15 , 1987

                                        Respectfully submitted,

                                        ROBERT M. MORGENTHAU
                                        District Attorney
                                        One Hogan Place
                                        New York, New York  10013

MICHAEL GOLDSTEIN
Assistant District Attorney
(212) 553-9214
Of Counsel

(TD #4 Revised 11/83)                -6-