# EXHIBIT I

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK  : AFFIRMATION IN RESPONSE
                                       TO DEFENDANT'S MOTION
               -against-             :

DAVID WARREN,                        :
                                       INDICTMENT NO. 0249/87
                    Defendant.       :
------------------------------------x
```

MICHAEL GOLDSTEIN, an attorney duly admitted to practice before this court affirms under penalty of perjury:

I.  I am an Assistant District Attorney in the office of ROBERT M. MORGENTHAU, District Attorney of the County of New York, and am familiar with the facts and circumstances in the above-captioned case.

II.  This affirmation, submitted in response to defendant's motion, is made on information and belief, the sources being examination of district attorney and police records contained in the case file and discussions with knowledgeable parties.

III.  In response to defendant's motions, the People answer as follows:

        1. BILL OF PARTICULARS

    a.  See V.D.F. #1.

    b.  Defendant Warren is charged with acting in concert with defendant Smokes. In substance it is alleged that defendant Smokes punched the victim and defendant Warren took the victim's property.

2. DISCOVERY

a. Defendants did not testify.

b. None.

c. Defendant can examine the crime scene photos at a mutually convenient time and place.

d. None.

e. None.

f. None.

g. See V.D.F. #'s 1&2.

h. Affirmant is not aware of any exculpatory material.

3. DISCOVERY (additional)

a-b-c. Not discoverable.

d-e. Copies of the autopsy and medical records of deceased are attached.

f-g-h. Not discoverable.

i-j-k. See V.D.F. #5

4. GRAND JURY PROCEEDINGS

A copy of the Grand Jury minutes will be provided to the Court for inspection.

5. HUNTLEY HEARING

Affirmant denies that statements were unconstitutionally obtained from defendant and consents to a hearing.

6. WADE HEARING

Affirmant denies the claim that the identification of defendant was in violation of his constitutional rights and

consents to a hearing.

### 7. DISMISSAL OF INDICTMENT

Affirmant is opposed to defendant's motion to dismiss the indictment based upon the alleged lack of probable cause to arrest as that is not a legal basis for dismissing an indictment.

### 8. SANDOVAL HEARING

Affirmant consents to a hearing prior to trial.

WHEREFORE, the People urge the Court to deny the defendant's motion and demands, except as to the items expressly consented to and as to the information provided, and to afford the People such other and further relief as the Court may deem just and proper.

DATED: New York, New York
       March 24, 1987

*[signature]*

MICHAEL GOLDSTEIN
Assistant District Attorney

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK  : AFFIRMATION IN RESPONSE
                                       TO DEFENDANT'S MOTION
            -against-                :

ERIC SMOKES,                         :
                                       INDICTMENT NO. 0249/87
            Defendant.               :

------------------------------------------x

    MICHAEL GOLDSTEIN, an attorney duly admitted to practice before this court affirms under penalty of perjury:

    I. I am an Assistant District Attorney in the office of ROBERT M. MORGENTHAU, District Attorney of the County of New York, and am familiar with the facts and circumstances in the above-captioned case.

    II. This affirmation, submitted in response to defendant's motion, is made on information and belief, the sources being examination of district attorney and police records contained in the case file and discussions with knowledgeable parties.

    III. In response to defendant's motions, the People answer as follows:

    1. BILL OF PARTICULARS

    a. See V.D.F. #1.

    b. See the Indictment. Note that defendant Smokes is charged alone with the last count.

    c-f. Not discoverable.

    g. No weapon is alleged to have been used.

    h.   Not discoverable.

    i.   Defendant was arrested on January 8, 1987 at the Midtown North Precinct.

    j.   No.

## 2. DISCOVERY

    a.   See V.D.F. #5.

    b-c.   Not discoverable.

    d.   See V.D.F. #5.

    e.   None.

    f.   Affirmant is not aware of any exculpatory material. Names of witnesses are not discoverable.

    g.   Line-ups were conducted on January 8, 1987 at the Midtown North Precinct. The remainder at this request is not discoverable.

    h.   Not discoverable.

    i.   Copy of the Autopsy is attached.

    j.   Not discoverable.

    k.   Copy of the hospital records is attached.

    l.   Not discoverable.

    m.   See V.D.F. #6.

    n-o-p.   Not discoverable.

    q.   None.

    r.   None.

    s.   Copies of the mug shots and line-up photos can be viewed at a mutually convenient time and place.

## 3. HUNTLEY HEARING

Affirmant denies that statements were obtained from

defendant in violation of his constitutional rights and therefore consents to a hearing on that issue.

### 4. GRAND JURY PROCEEDINGS

A copy of the Grand Jury minutes will be provided to the Court for inspection.

### 5. MAPP HEARING

There is no basis for a Mapp hearing as defendant has not set forth what, if anything, he is seeking to suppress, and as a consequence has not established any standing to suppress.

### 6. WADE HEARING

Affirmant is opposed to a hearing. The witnesses who identified defendant smokes knew him from previous occassions from having seen him in Albee Square Mall in Brooklyn and knew him by name or nickname. The Grand Jury minutes support this assertion. See People v. Varges, 118 Mis.2d 477. (Sup. Ct. N.Y. 10 1983). As the defendant is known to the witnesses there is no issue of suggestiveness to be resolved at a Wade hearing. People v. Tas, 51 N.Y.2d 195.

### 7. SANDOVAL HEARING

Affirmants consents to such a hearing at the time of trial.

### 8. DISMISSAL OF INDICTMENT

Affirmant is opposed to defendant's motion to dismiss the indictment based upon the alleged lack of probable cause to arrest as that is not a legal basis for dismissing an indictment.

9. <u>MOTION FOR SEVERANCE</u>

Affirmant requests leave to respond to the motion for severance after a determination is made as to the <u>Huntley</u> hearing.

WHEREFORE, the People urge the Court to deny the defendant's motion and demands, except as to the items expressly consented to and as to the information provided, and to afford the People such other and further relief as the Court may deem just and proper.

DATED: New York, New York
       March 24, 1987

*[signature]*

MICHAEL GOLDSTEIN
Assistant District Attorney