# EXHIBIT T

# EXHIBIT T

## Cases Before Plaintiff's Conviction

1) <u>People v. Lee Earl Johnson</u>, Ind. No.: 657/74 (Sup. Ct. New York Co., 1975)(reported at 173 N.Y.L.J. 15 (5/22/75)): Acquitting the defendant of homicide where the prosecution concealed exculpatory evidence for over a year while attempting to induce the defendant to plead guilty.

2) <u>People v. Carlton</u>, 48 A.D.2d 775 (1st Dept. 1975): Affirming conviction but noting "grossly improper" statements by the prosecutor in summation.

3) <u>People v. Nash</u>, 373 N.Y.S.2d 569 (1st Dept. 1975): Unanimously reversing conviction because of the prosecutor's improper cross-examination of the defendant and "inflammatory summation to the jury."

4) <u>People v. Clemons</u>, 369 N.Y.S.2d 445 (1st Dept. 1975): Unanimously reversing conviction for errors including an "inexcusable and inflammatory statement in the prosecutor's summation."

5) <u>People v. Ingram</u>, 49 A.D.2d 865 (1st Dept. 1975): Reversing conviction because trial was "replete with errors" including the prosecutor's improper arguments in summation that the defendant failed to call witnesses and an acquittal would equate to a finding that the police witnesses committed perjury.

6) <u>People v. Defense</u>, 51 A.D.2d 924 (1st Dept. 1976): Unanimously reversing conviction on grounds of prosecutorial misconduct where the prosecutor's summation was prejudicial to a fair trial.

7) <u>People v. Arocho</u>, 85 Misc.2d 116 (Sup Ct. New York Co., 1976): Suppressing evidence based on prosecutorial misconduct.

8) <u>People v. Fitzpatrick</u>, 40 N.Y.2d 44 (1976): Reversing conviction where the prosecutor improperly impeached his own witness with Grand Jury testimony.

9) <u>People v. Winston</u>, 52 A.D.2d 432 (1st Dept. 1976): Reversing conviction where the prosecutor's cross-examination of the defendant was "design[ed] to improperly convey criminal propensity to the jury."

10) <u>People v. Ortiz</u>, 51 A.D.2d 710 (1st Dept. 1976): Reversing conviction where the prosecutor's cross-examination of the defendant concerning a prior conviction was "conducted in an overextended manner and on that basis became improper" and "the character of the prosecutor's summation was patently prejudicial and, in effect, denied defendant a fair trial."

11) <u>People v. Vann</u>, 54 A.D.2d 356 (1st Dept. 1976): Unanimously reversing murder conviction based on cumulative errors including the prosecutor acting as an unsworn witness in summation.

12) People v. Carter, 40 N.Y.2d 933 (1976): Reversing conviction because the defendant was deprived of a fair trial due to errors including the prosecutor's improper summation which included vouching for his own conduct and the integrity of his office and bolstering the credibility of a major prosecution witness by asserting that no "deal" had been made with him for his testimony.

13) People v. Galletti, 55 A.D.2d 154 (1st Dept. 1976): Unanimously reversing conviction where the prosecution improperly introduced irrelevant collateral evidence that "provided a springboard for the prosecutor's improper arguments in summation."

14) People v. Morales, 53 A.D.2d 517 (1st Dept. 1976): Unanimously reversing conviction where "[t]he summation of the prosecutor was inflammatory, [and] incapable in its disregard of rulings, of control by the court" and included "passionate, though irrelevant, expression of praise for his employed, the District Attorney."

15) People v. Watson, 53 A.D.2d 576 (1st Dept. 1976): Reversing homicide conviction where the prosecutor's use of a fifteen-year-old confession "was improper and prejudicial beyond argument."

16) People v. Ramos, 40 N.Y.2d 610 (1976): Reversing homicide conviction although the defendant had pled guilty where the prosecutor violated defendant's right to counsel.

17) People v. Alberga, 57 A.D.2d 755 (1st Dept. 1977): Unanimously reversing conviction and dismissing indictment because of prosecutorial misconduct that "constituted a violation of prosecutorial standards and an abuse of the Grand Jury process."

18) People v. Rodriguez, 63 A.D.2d 580 (1st Dept. 1978): Affirming conviction but voicing "displeasure" at the prosecutor's failure to turn over information voluntarily after the court directed him to and noting that his comments in summation about production of the information were improper.

19) People v. Bryant, 60 A.D.2d 810 (1st Dept. 1978): Reversing conviction based on the prosecutor's conduct including repeated improper questions posed to the defendant and a prejudicial summation.

20) People v. Abdul-Malik, 61 A.D.2d 657 (1st Dept. 1978): Unanimously reversing conviction for first degree rape where the trial prosecutor unjustifiably and improperly referred to defendant's failure to take the stand and bolstered the complainant's testimony (the only evidence of guilt) in summation.

21) People v. Rodriguez, 61 A.D.2d 914 (1st Dept. 1978): Reversing conviction where it could not be said that the prosecutor based his summation on the evidence before the jury.

22) People v. Alvarez, 65 A.D.2d 146 (1st Dept. 1978): Unanimously reversing conviction because cumulative errors denied the defendant a fair trial where: the prosecution failed to produce an informant and then shifted the burden to the defendant, misleading the trial court in the process and raising "the specter of bad faith," the prosecution failed to comply with a court directive, the

2

prosecutor engaged in "troublesome" argument in summation by equating the defendant with a "street junkie" and quoting Ulysses S. Grant in a manner "posess[ing] the evil of suggesting to a juror that if he believed the defendant was not guilty, but the other jurors believed the defendant to be guilty, the minority juror should accede to the will of the majority."

23) People v. Grant, 45 N.Y.2d 366 (1978): Reversing Appellate Division's order affirming murder conviction although the defendant pled guilty because defendant's confession to police and prosecutor was obtained in violation of his right to counsel.

24) People v. Mason, 97 Misc.2d 706 (Sup. Ct. New York Co., 1978): Dismissing indictment where defendant's Sixth Amendment right to counsel "was impaired by unwarranted prosecutorial intrusions."

25) People v. Williams, 67 A.D.2d 613 (1st Dept. 1979): Reversing homicide conviction based on numerous errors including "comments by the [ADA] in summation regarding defendant's silence in the police station over a five-hour period of detention [which] resulted in constitutional error."

26) People v. Dinkins, 69 A.D.2d 384 (1st Dept. 1979): Reversing conviction where the defendant was improperly cross-examined about his failure to file a complaint against the man who shot him in violation of the Fifth Amendment.

27) People v. Pippin, 67 A.D.2d 413 (1st Dept. 1979): Reversing conviction where the totality of errors denied the defendant a fair trial including the prosecution's improper and extensive cross-examination of defendant, which resulted in "manifest" prejudice compounded by the prosecutor's summation.

28) People v. Moven, 70 A.D.2d 846 (1st Dept. 1979): Reversing conviction where the prosecutor introduced irrelevant evidence and, on cross-examination of the defendant, "violated the spirit of" a Sandoval agreement "to inflame the jury against the defendant…"

29) People v. Burgos, 69 A.D.2d 783 (1st Dept. 1979): Reversing conviction where the defendant was denied a fair trial because the prosecutor's cross-examination and summation improperly implied that his alibi was a recent fabrication because witnesses did not disclose their accounts to the police or prosecution.

30) People v. McNamee, 418 N.Y.S.2d 407 (1st Dept. 1979): Reversing conviction based on errors including the prosecutor's failure to disclose notes he took during interviews of testifying accomplice.

31) People v. Geoghegan, 68 A.D.2d 279 (1st Dept. 1979): Reversing murder conviction based on errors including the prosecutor exceeding the bounds of proper summation.

3

32) People v. Sossa, 70 A.D.2d 814 (1st Dept. 1979): Unanimously reversing conviction where the People were permitted to present evidence that had no probative value and the prejudicial effect was highlighted by the prosecutor's references to the evidence on cross-examination and summation.

33) People v. Rivera, 75 A.D.2d 544 (1st Dept. 1980): Reversing murder convictions despite conclusive proof of guilt because the prosecutor "engaged in misconduct of such a degree that the Court felt compelled to order a new trial" including delivering a summation that was "used as a tool to inflame the passion of the jurors to the end that a conviction would be assured" and "a blatant appeal to prejudice, replete with graphic language and inappropriate references to material not in evidence."

34) People v. Phillips, 426 N.Y.S.2d 425 (1st Dept. 1980): Reversing conviction where the prosecutor improperly impeached a defense witness for failing to report her observations to authorities and argued in summation that the witness was incredible for failing to come forward.

35) People v. Maschi, 429 N.Y.S.2d 662 (1st Dept. 1980): Reversing conviction because the defendant was denied a fair trial when, in cross-examination and summation, the prosecutor implied that a defense witness did not promptly inform the People of exculpatory evidence and improperly suggested the witness had a flawed character and should be disbelieved.

36) People v. Conyers, 52 N.Y.2d 454 (1981): Reversing conviction because the prosecutor improperly used the defendant's post-arrest silence to impeach him.

37) People v. Yarusevich, 81 A.D.2d 528 (1st Dept. 1981): Unanimously reversing homicide conviction based on "fundamental error" in admission of statements by the defendant to an ADA made after the defendant had requested counsel and finding that it was only after defense counsel objected to the prosecutor's leading questions to a prosecution witness that the prosecutor conceded the witness was "mentally slow," and stating that any new trial should consider the witness's mental capacity.

38) People v. Bolden, 82 A.D.2d 757 (1st Dept. 1981): Reversing homicide conviction where prosecutorial misconduct, including the prosecutor improperly compelling the defendant to characterize other witnesses as liars and questionable use of an incriminating statement reluctantly made by the defendant, and an improper summation, prevented a fair trial.

39) People v. Foye, 113 Misc.2d 934 (Sup. Ct. New York Co., 1981): Suppressing evidence where prosecutor acted improperly and denied the defendant his right to inspect evidence by returning allegedly stolen property rather than holding it for judicial proceedings.

40) People v. Monaco, 83 A.D.2d 926 (1st Dept. 1981): Reversing conviction for homicide of a child and stating, "[w]e would not hesitate to affirm [the] verdict if it did not appear that defendant's right to a fair trial and a possible acquittal of all charges was compromised by the admission of testimony that had little useful purpose and could only have aroused sympathy for the victim and his family and animus against the defendant."

4

41) People v. Alizadeh, 87 A.D.2d 418 (1st Dept. 1982): Unanimously reversing conviction because of errors including a cross-examination during which "the trial prosecutor was permitted over repeated objections to violate basic principles of law."

42) People v. Dowdell, 88 A.D.2d 239 (1st Dept. 1982): Reversing conviction where cumulative effect of the prosecutor's errors denied the defendant a fair trial including repeated attempts to circumvent the Sandoval ruling during a cross-examination of the defendant that "went beyond the bounds of fair play," and a summation during which she "resorted to characterizing the defendant as a liar," made erroneous and prejudicial references to precluded evidence, and vouched for witnesses.

43) People v. Simmons, 90 A.D.2d 731 (1st Dept. 1982): Reversing conviction in companion appeal to Dowdell, on the same grounds, and noting that "if anything, the excesses of the prosecutor were more devastating against Simmons than they were against Dowdell."

44) People v. Kitt, 86 A.D.2d 465 (1st Dept. 1982): Reversing homicide conviction where the defense specifically requested information that could have aided defense and raised reasonable doubt a year before trial and the prosecution did not disclose it.

45) People v. Paperno, 90 A.D.2d 168 (2nd Dept. 1982)(transferred from 1st Dept.): Reversing conviction because the prosecutor acted as an unsworn witness in summation and denied the defendant a fair trial.

46) People v. Jones, 87 A.D.2d 761 (1st Dept. 1982): Reversing conviction where the prosecution's courthouse interrogation of the defendant violated his right to counsel.

47) People v. Trinidad, 59 N.Y.2d 820 (1983): Reversing conviction and finding that the defendant was denied a fair trial where the prosecutor exceeded the bounds of proper summation.

48) People v. Huth, 92 A.D.2d 778 (1st Dept. 1983): Unanimously modifying judgment where the prosecutor's cross-examination of the defendant and statements in summation denied a fair trial.

49) People v. Morera, 96 A.D.2d 813 (1st Dept. 1983): Reversing conviction, "express[ing] concern at the apparent overzealousness of not just the police, but the District Attorney's office," questioning why the prosecutor felt "compelled to 'gild the lily' by introducing as evidence four weapons when the indictment only mentioned two, questioning extensively about an incident unrelated to the charges and repeatedly making inflammatory remarks during summation of evidence that spoke quite well for itself," and stating, "we see no reason for the surfeit of abuses in a prosecution such as this."

50) People v. Sharp, 119 Misc.2d 200 (Sup. Ct. New York Co., 1983): Vacating conviction where prosecutor's improper references to the defendant's post-arrest silence in summation violated Fifth Amendment.

51) People v. Isla, 96 A.D.2d 789 (1st Dept. 1983): Affirming homicide conviction but "admonish[ing]" the prosecutor for "unfair" conduct that misled the Grand Jury.

52) People v. Wallert, 98 A.D.2d 47 (1st Dept. 1983): Reversing conviction where the prosecutor knew, before trial, that the complainant planned to file a civil suit against the defendant after the criminal trial but failed to disclose that information and argued in summation that the complainant had no motive to lie.

53) People v. Hunter, 126 Misc.2d 13 (Sup. Ct. New York Co., 1984): Dismissing indictment because the prosecutor withheld a statement that proved someone else committed the crime and established the defendant's absolute innocence and, thus, violated defendant's due process rights.

54) People v. Jimenez, 102 A.D.2d 439 (1st Dept. 1984): Reversing conviction and finding that the prosecutor engaged in "extremely prejudicial" misconduct in summation to bolster the complainant's testimony that "played a significant role in defendant's conviction."

55) People v. Perez, 102 A.D.2d 797 (1st Dept. 1984): Reversing attempted murder and robbery convictions for errors including the prosecutor's prejudicial statements in summation.

56) People v. Shabazz, 104 A.D.2d 776 (1st Dept. 1984): Vacating sentence where the prosecution failed to provide the defendant with a copy of the persistent violent felony offender statement, which the defendant wished to controvert at least one aspect of, until the day of sentencing.

57) People v. Grubbs, 112 A.D.2d 104 (1st Dept. 1985): Reversing convictions based on the prosecution's improper and prejudicial bolstering of the complainant's identification testimony in summation.

58) People v. Black, 117 A.D.2d 512 (1st Dept. 1986): Reversing conviction where defendant was denied a fair trial because the prosecutor improperly admitted evidence that "served no purpose other than to place defendant in a bad light" and where prosecutor's explanation for admission of the evidence "amount[ed] to nothing more than a naked admission that [it was] being offered for the patently impermissible purpose" of arguing propensity.

59) People v. Rojas, 121 A.D.2d 315 (1st Dept. 1986): Reversing conviction based on the improper admission of evidence while also finding that, in summation, the prosecutor "improperly imposed a burden on defendant to come forward with proof. This was plainly prejudicial and improper, impinging on defendant's right against self-incrimination."

60) People v. Ranghelle, 69 N.Y.2d 56 (1986): Reversing conviction based on the prosecution's failure to disclose police officer memo books under Rosario.

61) People v. Rice, 69 N.Y.2d 781 (1987): Affirming conviction but stating that "the acts of the prosecutor" which included the deliberately misleading representation that a deceased witness was available to testify, "constituted serious violations of his duties as an attorney and prosecutor."

62) People v. Hockett, 128 A.D.2d 393 (1st Dept. 1987): Granting a mistrial where the prosecutor improperly used peremptory challenges to exclude black jurors.

63) People v. Rosario, 127 A.D.2d 209 (1st Dept. 1987): Unanimously reversing murder conviction where the prosecution admitted prejudicial bolstering testimony which the prosecutor "exploited" in summation.

64) People v. Jones, 70 N.Y.2d 547 (1987): Affirming reversal of conviction based on the prosecutor's "total failure" to deliver notes of an interview with a key informant which would have revealed significant "discrepancies" in his trial testimony affecting his apparent honesty and overall credibility.

65) People v. Pauli, 130 A.D.2d 389 (1st Dept. 1987): Reversing conviction because of "significant prejudicial arguments" raised by the prosecutor in summation.

66) People v. Beckles, 128 A.D.2d 435 (1st Dept. 1987): Reversing murder conviction although evidence strongly supported the verdict because the prosecution unjustifiably introduced evidence of uncharged crimes.

67) People v. Sanders, 128 A.D.2d 480 (1st Dept. 1987): Reversing murder conviction where the prosecutor agreed on the record to expunge reference to a prior charge against the defendant but exposed the information to the jury.

68) People v. Porter, 128 A.D.2d 248 (1st Dept. 1987): Reversing denial of the defendant's CPL 440.10 motion and remanding for a hearing on the issue of whether undisclosed exculpatory evidence was material and requested. The Court concluded that the disclosure violation was, at minimum, "regrettable," but if committed knowingly, represented a "disturbing error in judgment."

69) People v. Navarette, 131 A.D.2d 326 (1st Dept. 1987): Reversing homicide conviction and dismissing indictment where the prosecutor impeached his own witness and engaged in "highly prejudicial" questioning and remarks including asking "leading questions, [making] sarcastic comments, and generally badger[ing] the witness" in contravention of the court's directions.

70) People v. Gottlieb, 130 A.D.2d 202 (1st Dept. 1987): Reversing conviction where the prosecutor's cross-examination of the defendant violated fundamental principles of law and he "pointedly encouraged" the jury to convict the defendant based on a predisposition to commit precisely the crime charged.

**Cases After Plaintiff's Conviction**

71) People v. Novoa, 70 N.Y.2d 490 (1987): Vacating murder conviction where the prosecutor failed to correct false testimony and suppressed Brady material.

72) People v. Ehrlich, 136 Misc. 2d 514 (Sup. Ct. New York Co., 1987): Dismissing indictment where the prosecutor failed to give adequate legal instructions to the Grand Jury and tainted the proceedings by presenting evidence of uncharged crimes.

73) People v. Blake, 139 A.D.2d 110 (1st Dept. 1988): Unanimously reversing murder conviction primarily because of the prosecutor's violation of the unsworn witness rule.

74) People v. Collins, 140 A.D.2d 186 (1st Dept. 1988): Reversing conviction because the prosecutor's improper cross-examination of the defendant impinged on his Sixth Amendment rights.

75) People v. Quinones, 139 A.D.2d 404 (1st Dept. 1988): Reversing conviction where the People violated the Rosario rule by failing to turn over the arresting officer's memo book and reports.

76) People v. Alexander, 136 A.D.2d 332 (1st Dept. 1988): Reversal of conviction was "necessary for the integrity of the criminal justice system" where the prosecutor knew police officer's Grand Jury testimony was misleading and did nothing to cure the deficiency.

77) People v. Rivera, 136 A.D.2d 520 (1st Dept. 1988): Affirming conviction based on overwhelming evidence of guilt but stating that the prosecutor's summation included an "improper racially offensive argument" and that the Court would reverse if not for the jury's notes, which indicated they were not distracted by the prosecutor's "completely reprehensible" argument.

78) People v. Green, 140 A.D.2d 213 (1st Dept. 1988): Reversing conviction where the prosecutor failed to disclose police report and then misrepresented in summation that it confirmed officer's testimony when in fact it contradicted it.

79) People v. Thompson, 71 N.Y.2d 918 (1988): Reversing conviction where the prosecution sandbagged the defense by holding back a key document that undermined defense strategy.

80) People v. Hansen, 141 A.D.2d 417 (1st Dept. 1988): Reversing conviction because of pervasive summation misconduct where "the prosecutor unfairly injected her own personal views and conveyed her own personal opinion of the case" and "vouched for the credibility of the witnesses."

81) People v. Frederic Slack, (Sup. Ct. New York Co., April 11, 1988, Kleiman, J.): Vacating conviction based on the prosecution's failure to disclose Internal Affairs report stating that arresting officer was among several Transit Officers who had been making false arrests.

8

82) People v. Ortiz, 142 A.D.2d 229 (1st Dept. 1988): Unanimously reversing conviction where the People introduced an out of court identification they failed to serve pretrial notice of in a case where identification was the critical issue.

83) People v. Tejada, 143 A.D.2d 51 (1st Dept. 1988): Unanimously reversing conviction because the People withheld Brady and Rosario material and the prosecutor improperly questioned alibi witnesses. Vacated at 144 A.D.2d 267; reinstated at 147 A.D.2d 367.

84) People v. Carter, 149 A.D.2d 83 (1st Dept. 1989): Reversing homicide conviction where the defendant was deprived of a fair trial due to the prosecutor's improper use of his post-arrest silence and request for counsel including in summation.

85) People v. Smith, 150 A.D.2d 275 (1st Dept. 1989): Unanimously reversing conviction where a "work sheet" summarizing pretrial statements by police witnesses to the District Attorney's Office was "clearly discoverable" but "the prosecutor declined to furnish to the defense upon the latter's timely application therefor."

86) People v. Conlan, 146 A.D.2d 319 (1st Dept. 1989): Reversing murder conviction where the prosecutor failed to correct false testimony and finding that the prosecutor's repeated denials that promises were made to the witness were "particularly disingenuous" where the DA's office promised the witness his testimony would be rewarded.

87) People v. Coates, 74 N.Y.2d 244 (1989): Affirming an order of the Appellate Division which unanimously reversed the defendant's conviction and concluded that he "had been deprived of a fair trial as a result of numerous instances of prosecutorial misconduct."

88) People v. Goins, 73 N.Y.2d 989 (1989): Reversing conviction because the prosecution did not provide a copy of the police officer's daily activity report until after both sides had rested.

89) People v. Parker, 157 A.D.2d 519 (1st Dept. 1990): Reversing conviction for the People's failure to produce 911 tape in violation of Rosario.

90) People v. Batashure, 75 N.Y.2d 306 (1990): Affirming dismissal of indictment where, by erroneously instructing the Grand Jury that he had found the evidence to be legally sufficient, the prosecutor "so tainted the integrity of the proceeding that dismissal was required."

91) People v. Clemons, 166 A.D.2d 363 (1st Dept. 1990): Unanimously reversing conviction where the prosecutor's comments exceeded the bounds of legitimate advocacy when he vouched for witnesses, said defense counsel would have lied to protect his job, referred to the defendant as "a common street prostitute" and, in a reference to defendant's rosary beads, referred to him as "Mother Theresa."

92) People v. Thompson, 161 A.D.2d 236 (1st Dept. 1990): Reversing conviction where the prosecutor "acted improperly by drawing inflammatory and irrelevant conclusions that tended to prejudice the jury" and stating that "summation by the prosecutor was not an unbridled debate where the prosecutor could have free reign to comment against defendant."

93) People v. Ortiz, 156 A.D.2d 77 (1st Dept. 1990): Unanimously reversing conviction where the prosecutor was improperly permitted to introduce prior uncharged crimes which he then used to argue propensity.

94) People v. Norton, 164 A.D.2d 343 (1st Dept. 1990): Unanimously reversing conviction due to the prosecutor's "egregious" summation misconduct where he became an unsworn witness, argued "facts" not in evidence, and invited the jury to conclude that a witness's recantation was due to threats and "implicitly invited them to infer that such threats were probative of defendant's guilt," which the Court found "exceptionally deplorable."

95) People v. Correal, 160 A.D.2d 85 (1st Dept. 1990): Reversing conviction where the prosecutor inappropriately and repeatedly argued propensity in summation.

96) People v. Garcia, 169 A.D.2d 358 (1st Dept. 1991): Reversing conviction where the prosecutor's unfair and prejudicial impeachment of the defendant deprived him of a fair trial.

97) People v. Martin, 172 A.D.2d 268 (1st Dept. 1991): Reversing conviction where, at the end the prosecutor's cross-examination of the defendant, he asked a question "without any objective other than the injection of pure prejudice, [which] constituted a blatant and willful evasion of the letter and the spirit of the prior Sandoval ruling" and which was compounded "by the [prosecutor's] repeated use of the word 'liar' in describing defendant in summation, a practice which has been condemned."

98) People v. Diaz, 170 A.D.2d 202 (1st Dept. 1991): Unanimously reversing conviction where the prosecutor repeatedly mischaracterized the evidence and denigrated defense counsel and the defendant and made various inappropriate and burden shifting comments attacking the defendant's reliance upon constitutionally guaranteed rights. Decision modified at 172 A.D.2d 341.

99) People v. Geathers, 172 A.D.2d 134 (1st Dept. 1991): Reversing conviction where officer destroyed notes made during "buy and bust" operation that were "clearly" Rosario material despite the People's arguments to the contrary.

100) People v. Jackson, 174 A.D.2d 552 (1st Dept. 1991): Reversing murder conviction where the prosecution did not provide the defendant with all discoverable material and later disclosed a statement that a witness had signed before his deportation, which foreclosed further cross-examination of him.

101) People v. Rodriguez, 179 A.D.2d 358 (1st Dept. 1992): Affirming conviction in light of overwhelming evidence of guilt but finding "it was improper for the trial prosecutor to call defendant a liar and to suggest that he tailored his testimony."

102) People v. Jones, 181 A.D.2d 463 (1st Dept. 1992): Unanimously reversing conviction where the trial court enlarged the statutory language in its charge concerning the defendant's decision not to testify and stating, "in this essentially one-witness case, we find the error prejudicial in light of several comments made by the prosecutor in summation…"

103) People v. Boyne, 174 A.D.2d 103 (1st Dept. 1992): Reversing conviction and finding that the defendant was "severely prejudiced" and denied a fair trial because of the destruction of a 911 tape of a security guard's call to police.

104) People v. Spivey, 177 A.D.2d 216 (1st Dept. 1992): Reversing conviction and holding that the prosecution should have been sanctioned for the loss of the arresting officer's memo book.

105) People v. Rutledge, 179 A.D.2d 404 (1st Dept. 1992): Reversing conviction based on the prosecutor's improper and inaccurate comments in summation.

106) People v. Cortez, 185 A.D.2d 113 (1st Dept. 1992): Reversing conviction where Rosario material requested by the defense was not turned over.

107) People v. Smith, 186 A.D.2d 368 (1st Dept. 1992): Unanimously reversing conviction based on Rosario violation.

108) People v. West, 586 N.Y.S.2d 590 (1st Dept. 1992): Unanimously reversing murder conviction for the People's failure to provide the defendant with a document relevant to cross-examination of police witness.

109) People v. Grice, 188 A.D.2d 397 (1st Dept. 1992): Reversing conviction where the prosecutor failed to ascertain and disclose the full details of a cooperation agreement entered into by a material witness in a criminal case pending in another county and finding that the defendant was entitled to rely on the prosecutor's representation concerning the promises made to the witness.

110) People v. D'Alessandro, 184 A.D.2d 114 (1st Dept. 1992): Affirming conviction but finding that the prosecutor's misconduct, including vouching, "went beyond the limits of propriety."

111) People v. Martinez, 187 A.D.2d 304 (1st Dept. 1992): Unanimously reversing conviction for failure to impose any sanction for the prosecution's failure to disclose Rosario material that contradicted the arresting officer's testimony but which the prosecutor misrepresented was a duplicative equivalent of officer's testimony.

11

112) People v. Smays, 156 Misc. 2d 621 (Sup. Ct. New York Co., 1993): Dismissing indictment with prejudice where "[t]he [ADAs] conduct undermined the integrity of the Grand Jury proceeding to the defendant's prejudice."

113) People v. Porter, 189 A.D.2d 604 (1st Dept. 1993): Unanimously reversing conviction where the prosecutor's erroneous statement in summation prevented the jury from properly weighing the evidence and denied the defendant a fair trial.

114) People v. Watkins, 189 A.D.2d 623 (1st Dept. 1993): Reversing conviction because of the People's failure to preserve Rosario material.

115) People v. Dunn, 185 A.D.2d 54 (1st Dept. 1993): Reversing conviction based on Rosario violation because the defendant's ability to cross-examine the eyewitnesses and investigating detective was impeded by detective's destruction of notes taken during the investigation including descriptions from eyewitnesses which the People acknowledged may have differed from the evidence at trial.

116) People v. Bell, 595 N.Y.S.2d 191 (1st Dept. 1993): Unanimously reversing conviction based on the prosecutor's impermissible bolstering of a witness's testimony on redirect examination "coupled with the prosecutor's repetitive and haranguing comments in summation, a practice repeatedly condemned by this court," and vouching for witnesses, which cumulatively served to deprive the defendant of a fair trial.

117) People v. Zlochevsky, 196 A.D.2d 701 (1st Dept. 1993): Reversing murder conviction and finding that: the defendant was correct that the lower court should have sanctioned the prosecutor or at least offered a continuance where the prosecution failed to disclose evidence in a timely manner; the prosecution should not have been permitted to impeach the defendant with a suppressed statement; and objections to the prosecutor's mention of facts not in evidence should have been sustained.

118) People v. Tolbert, 198 A.D.2d 132 (1st Dept. 1993): Unanimously reversing conviction where the cumulative effect of the errors in the prosecutor's summation deprived the defendant of a fair trial.

119) People v. Davis, 81 N.Y.2d 281 (1993): Reversing conviction where the prosecution violated Brady by failing to disclose requested potentially exculpatory material and substituted a misleading stipulation.

120) People v. Wahad, 154 Misc.2d 405 (Sup. Ct. New York Co., 1993): Vacating murder conviction based on the People's failure to turn over Rosario material. Affirmed by the Appellate Division at 204 A.D.2d 156.

121) People v. Jarrells, 190 A.D.2d 120 (1st Dept. 1993): Reversing conviction where the defendant was denied a fair trial because of Rosario violations and the use of inadmissible statements on cross-examination.

122) People v. Smith, 192 A.D.2d 394 (1st Dept. 1993): Reversing conviction where the defendant was denied a fair trial when the prosecutor erroneously introduced irrelevant and "extremely prejudicial" evidence to establish the operability of a handgun and improperly and speculatively argued in summation that the defendant kept a handgun for future use.

123) People v. Nelson, 188 A.D.2d 67 (1st Dept. 1993): Reversing conviction for Rosario violation.

124) People v. Wright, 197 A.D.2d 398 (1st Dept. 1993): Reversing conviction for Rosario violation.

125) People v. Salaam, 83 N.Y.2d 51 (1993): Majority upheld conviction and found that un-counseled, unrecorded, disputed confession attributed to juvenile was properly admitted. Dissenting justice would have suppressed confession where police officers and a DANY Bureau Chief prevented suspect's mother, aunt, and "Big Brother" from speaking with him or halting confession and found that, "other than an undisguised intention to exploit this defendant's youthful vulnerability, there was no justification for the authorities' actions in preventing defendant from gaining access to the helpful counsel of the supportive adults…"

126) People v. Levy, 202 A.D.2d 242 (1st Dept. 1994): Reversing conviction because of the prosecutor's "extremely prejudicial" summation.

127) People v. Colas, 206 A.D.2d 183 (1st Dept. 1994): Reversing conviction where the prosecution's use of a prior uncharged crime prejudiced the defendant and was done in bad faith to suggest to the jury that the defendant had the propensity to commit the kind of crime charged.

128) People v. Nevedo, 202 A.D.2d 183 (1st Dept. 1994): Reversing conviction because the defendant was denied a fair trial where, in summation, the prosecutor used inflammatory language to appeal to the sympathies and fears of the jury, to repeatedly characterize the defendant as a liar, and to characterize the defendant's facial features as indicating the nature of his character.

129) People v. Owens, 203 A.D.2d 106 (1st Dept. 1994): Reversing conviction in part because the prosecution failed to abide by a Sandoval ruling.

130) People v. Baghai-Kermani, 84 N.Y.2d 525 (1994): Failure to disclose pre-trial statements of a witness was a Rosario violation that required reversal of convictions on all counts to which the witness's testimony was relevant.

131) People v. Espada, 205 A.D.2d 332 (1st Dept. 1994): Unanimously reversing conviction where irrelevant propensity evidence was erroneously omitted and, in conjunction with the prosecutor's remarks in summation concerning the evidence, effectively denied the defendant a fair trial.

132) People v. Dixon, 209 A.D.2d 274 (1st Dept. 1994): Reversing murder conviction because of the prosecutor's inexcusable failure, despite "repeated defense requests," to disclose police notes.

133) People v. Jordan, 207 A.D.2d 700 (1st Dept. 1994): Reversing conviction where the prosecution prejudiced the defense by failing to disclose police notes relating "directly to the primary issues contested at trial."

134) People v. Kim, 209 A.D.2d 167 (1st Dept. 1994): Reversing conviction where cumulative errors, including the prosecutor's improper cross-examination of the defendant and summation, prejudiced the defendant and violated the prosecutor's obligation to seek justice.

135) People v. Mayo, 207 A.D.2d 673 (1st Dept. 1994): Unanimously reversing conviction for the failure to turn over the memo books of two police witnesses in violation of Rosario.

136) People v. Curry, 164 Misc.2d 969 (Sup. Ct. New York Co., 1995): Permitting defendant to withdraw his guilty plea where the prosecution withheld exculpatory evidence of police corruption that went to the heart of his defense.

137) People v. Johnson, 216 A.D.2d 185 (1st Dept. 1995): Unanimously reversing conviction based on "the prosecutor's exploitation" of testimony regarding the defendant's exercise of his constitutional right to deny police access to his apartment which was "admitted solely for the improper purpose of showing defendant's alleged consciousness of guilt as argued by the prosecutor during summation."

138) People v. Feerick, 230 A.D.2d 689 (1st Dept. 1996): Ordering a hearing on defendants' motion to vacate their convictions based on official misconduct involving Rosario violation.

139) People v. Gomez, 227 A.D.2d 210 (1st Dept. 1996): Reversing conviction where the prosecutor failed to adhere to the Sandoval ruling when questioning the defendant.

140) People v. Jackson, 237 A.D.2d 179 (1st Dept. 1997): Unanimously vacating murder conviction due to the suppression of an Internal Affairs report that contained entries that were "at significant variance with the People's evidence at trial."

141) People v. Moore, 238 A.D.2d 228 (1st Dept. 1997): Reversing conviction where the prosecutor failed to abide by a Sandoval ruling and it was "clear that the prosecutor set out to accomplish by indirection that which had been directly foreclosed by the court's Sandoval ruling."

142) People v. Hemingway, 240 A.D.2d 328 (1st Dept. 1997): Unanimously reversing conviction where inadmissible hearsay concerning uncharged crimes was admitted for no purpose other than propensity and the prosecutor made improper comments on the evidence in summation.

14

143) <u>People v. Naranjo</u>, 89 N.Y.2d 1047 (1997): Vacating sentence because the prosecutor's assertion that the defendant was involved in a shooting was based on pure speculation and, thus, trial court's consideration of the incident in imposing sentence was improper.

144) <u>People v. Jennings</u>, 248 A.D.2d 265 (1st Dept. 1998): Reversing conviction where the prosecution had not really looked for statement of prospective witness that the defense requested and which the prosecution claimed had been lost or destroyed.

145) <u>People v. Griffin</u>, 242 A.D.2d 70 (1st Dept. 1998): Reversing conviction where the prosecutor violated an explicit ruling precluding inquiry into prior alleged conduct and curative instruction was insufficient to minimize "poisonous impact" of the prosecutor's "intentional misconduct."

146) <u>People v. Tonge</u>, 253 A.D.2d 360 (1st Dept. 1998): Affirming conviction with majority holding that while some of the prosecutor's summation exceeded the bounds of fair comment on the evidence, defendant was not entitled to a new trial, but with two Justices dissenting and finding the prosecutor became an unsworn witness and made argument without support in the record.

147) <u>People v. Crawford</u>, 256 A.D.2d 141 (1st Dept. 1998): Reversing conviction despite strong evidence of the defendant's guilt because of "the prosecutor's negligent and misleading cross-examination" of an alibi witness, which lacked a good faith basis or reasonable basis in fact.

148) <u>People v. Dennis</u>, 265 A.D.2d 271 (1st Dept. 1999): Reversing murder conviction where the detective who was the sole witness at pretrial hearings repeatedly used notes to refresh his recollection and defense counsel was precluded from reviewing the notes in violation of <u>Rosario</u>.

149) <u>People v. Jovanovic</u>, 263 A.D.2d 182 (1st Dept. 1999): Reversing rape conviction where the defendant's right to confront witnesses was impaired when he was improperly precluded from introducing emails by the complainant demonstrating her consent to sadomasochistic sex. The preclusion was "particularly egregious, in view of the People's approach in presenting the case," where the prosecutor, despite knowledge of the emails, repeatedly questioned why the complainant would lie and remarked that if she had wanted to engage in sadomasochism, she could have said so in her -mails. The prosecutor was also permitted to read an entire article about an unrelated murder into the record during direct examination of the complainant based on the defendant's reference to the crime in one of his emails to the complainant. "The introduction of the full text was unnecessary, and because of its potentially inflammatory effect under the circumstances, its introduction was improper, and only served to compound the prejudicial impact of the other errors."

150) <u>People v. Juan Carlos Pichardo</u>, (Sup. Ct. New York Co., January 11, 2000, Atlas, J.): Vacating murder conviction based on ineffective assistance of counsel but, where upon information and belief, the prosecution also withheld favorable evidence from the defendant that was disclosed to his co-defendant at his subsequent, separate trial.

15

151) People v. Morris, 186 Misc.2d 564 (Sup. Ct. New York Co., 2000): Ordering a hearing on the People's failure to turn over Rosario material.

152) People v. Morales, 292 A.D.2d 253 (1st Dept. 2002): Reversing conviction because the defendant was denied a fair trial when the prosecutor introduced a redacted version of his Grand Jury testimony, which admitted drugs were found in his bedroom but omitted his explanation that he had no connection to the drugs and his suggestion that his son brought them into the room without his knowledge.

153) People v. Collins, 12 A.D.3d 33 (1st Dept. 2004): Vacating conviction where the prosecutor's summation "contained a substantial number of improper remarks which were not fair responses to the defendant's summation or isolated instances of misconduct."

154) People v. Gantt, 13 A.D.3d 204 (1st Dept. 2004): Vacating murder conviction where the People's main witness was a career criminal who waited years to come forward and had a motive to falsify, and where there was a reasonable possibility that the People's failure to disclose prior inconsistent testimony by the witness contributed to the conviction.

155) People v. Hanley, 5 N.Y.3d 108 (2005): Reversing conviction where the defendant was precluded from presenting evidence that key prosecution witnesses had reputations for dishonesty and the defendant was "further prejudiced by the prosecution's summation which consisted not only of improperly bolstering but also exploited the trial court's ruling disallowing the reputation evidence."

156) People v. Lemus, 2005 N.Y. Misc. LEXIS 3611: Vacating murder convictions based on newly discovered evidence without reaching Brady and Rosario claims but noting that "the specifics of [certain] information" implicating alternate perpetrator were not disclosed to the defendants at trial.

157) People v. Morales, 2006 N.Y. Misc. LEXIS 2812: Dismissing charges for murder where due process was violated by the People's inexcusable fifteen-year delay in seeking indictment.

158) People v. Harte, 29 A.D.3d 475 (1st Dept. 2006): Unanimously reversing conviction where trial court's errors were compounded by the prosecutor's improper comments in summation.

159) People v. Williams, 7 N.Y.3d 15 (2006): Ordering that a new suppression hearing be held where the trial court learned a Brady violation had occurred at the pretrial suppression hearing because the prosecution failed to disclose that its only witness was the subject of a perjury investigation.

160) People v. Ortiz, 33 A.D.3d 432 (1st Dept. 2006): Unanimously reversing murder conviction where the prosecutor's conduct, which included repeatedly characterizing the defendant as a liar and repeatedly vouching for the credibility of the People's key witnesses, denied the defendant a fair trial.

161) People v. Ennis, 11 N.Y.3d 403 (2008): Affirming denial of CPL 440.10 motion but concluding that the prosecutor's failure to disclose a statement, made directly to him, that someone other than the defendant was the perpetrator of the shooting "cannot be condoned."

162) People v. Moye, 52 A.D.3d 1 (1st Dept. 2008): Reversing conviction where the prosecutor violated the unsworn witness rule by vouching for police witness by reference to his own pretrial conduct and by reference to his own credibility by virtue of his position in the District Attorney's office.

163) People v. Raosto, 50 A.D.3d 508 (1st Dept. 2008): Unanimously reversing conviction in part because the prosecutor improperly impeached the defendant regarding his post-arrest failure to report to law enforcement his belief that he was being framed by the arresting officer, elicited statements by the defendant that should have been disclosed, and impeached the defendant with averments by former counsel in motion papers even though the statements were not fairly attributable to the defendant.

164) People v. Colon, 13 N.Y.3d 343 (2009): Vacating murder convictions where the prosecutor elicited and failed to correct misleading testimony and compounded the error in summation.

165) People v. Bermudez, 25 Misc.3d 1226(A) (Sup. Ct. New York Co., 2009): Vacating murder conviction on grounds including actual innocence while also finding that the prosecutor elicited identification testimony in an inappropriate and suggestive manner, failed to correct testimony that he knew or should have known to be false, and acted as an unsworn witness.

166) People v. McBride, 66 A.D.3d 415 (1st Dept. 2009): Unanimously reversing conviction where the prosecutor rendered the Grand Jury proceedings defective in a "highly prejudicial" manner.

167) People v. Sinha, 84 A.D.3d 35 (1st Dept. 2011): Reversing conviction in the interest of justice where the prosecution failed to fulfill basic disclosure obligations essential to a fair trial.

168) People v. Ortiz, 85 A.D.3d 588 (1st Dept. 2011): Reversing murder conviction based on trial court's erroneous preclusion of discrepancy between testimony of a former ADA and statements in a case summary and voluntary disclosure form and stating that, "it is confounding that the People continue to contend that the defense properly was prevented from impeaching the testimony of the lead prosecutor on such a critically important subject with the accounts of the defendant's statements in documents prepared either by the lead prosecutor or by an [ADA] she was supervising."

169) People v. Bartholomew, 105 A.D.3d 613 (1st Dept. 2013): Reversing conviction where, during cross-examination of the defendant, the prosecutor "introduced irrelevant and inflammatory considerations that had no legitimate bearing on defendant's credibility or any other issue in the case" and posed "patently unfair" questions that constituted improper burden shifting.

170) People v. Minus, 126 A.D.3d 474 (1st Dept. 2015): Unanimously reversing conviction where "the prosecutor's arguments as a whole rendered the trial unfair."

171) People v. Singleton, 139 A.D.3d 208 (1st Dept. 2016): Reversing convictions where the prosecution was erroneously permitted to present "classic propensity evidence [that] lacked probative value" and the prosecutor exacerbated the prejudice resulting from the admission of such evidence in his opening statement and summation by impermissible arguing propensity.

172) People v. Melendez, 140 A.D.3d 421 (1st Dept. 2016): Reversing murder conviction for errors including summation misconduct.

173) People v. Cosey, 2016 N.Y. Misc. LEXIS 4896: Vacating murder convictions of two defendants for Brady violation.

174) Fernandez v. Capra, 916 F.3d 215 (2d. Cir. 2019): Finding that a defendant convicted of murder had satisfied the elements for a new trial based on prosecutorial misconduct.

175) People v. Henry Chlupsa et al., Ind. No. 732/18 (Sup. Ct. New York Co., June 2, 2020, Farber, J.): Vacating convictions for bribery and corruption because favorable evidence was suppressed.

176) People v. Murray, 197 A.D.3d 46 (1st Dept. 2021): Reversing conviction for the prosecutor's violation of Batson.

177) People v. Soto, 72 Misc.3d 1153 (Crim Ct. New York Co., 2021): Finding that the People failed to exercise due diligence in discovering and making available impeachment material.

178) People v. Joseph Franco, (2023): Dismissing charges of perjury and related crimes against a former NYPD detective after revelation that evidence was improperly suppressed by the prosecution.

179) People v. Woody, 214 A.D.3d 157 (1st Dept. 2023): Reversing conviction where the defendant's prior conviction was improperly introduced and the prosecutor used the conviction to prejudicially argue propensity and bolster the testimony of a police witness.

180) People v. Silva-Torres, 81 Misc.3d 1121 (Crim. Ct. New York Co., 2023): Dismissing charges where the People failed to disclose records of police misconduct.

181) People v. Gonzalez, (Crim. Ct. New York Co., 2024): Denying the People's motion to reargue finding, made after a full hearing, that their certificate of discovery compliance was invalid for "knowingly withholding discoverable materials in the prosecutor's possession and for failing to make the required diligent, good faith efforts to ascertain and disclose discoverable material" and "impermissible" redaction of police disciplinary records.

182) <u>People v. Castanos</u>, 2024 N.Y. Misc. LEXIS 1660 (Sup. Ct. New York Co., 2024): Finding that the People failed to exercise due diligence in disclosing material subject to automatic discovery to defendant charged with attempted murder and despite the "extremely serious allegations" that defendant assaulted and blinded complainant, the Court was "left with no choice but to invalidate" the People's certificate of compliance.

183) <u>People v. Davis</u>, 225 A.D.3d 62 (1st Dept. 2024): Vacating attempted murder conviction where the consolidation of indictments was improper and the "prosecutor's encouragement of propensity inference as a method of reasoning…aggravated the already extant prejudicial effect of consolidation."