

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000

**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

September 6, 2024

**By ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *David Warren v. City of New York, et al. & Eric Smokes v. City of New York, et al.*
24-CV-5085 (JAM); 24-CV-5086 (DG) (JAM)

Your Honor:

I am an Assistant District Attorney ("ADA") and Associate General Counsel for the New York County District Attorney's Office ("DANY" or "the Office") and am of counsel to District Attorney Alvin L. Bragg, Jr., as Special Assistant Corporation Counsel of the City of New York. I represent defendants Michael Goldstein, Susan Axelrod, David Drucker, Bonnie Sard, William Darrow, Charles King, Consuelo Fernandez, Christine Keenan, Terri Rosenblatt, Peter Salerno, and Jeffrey Salta[1] (hereinafter, "the DA defendants") in the above-captioned matters.[2]

The DA defendants write briefly in response to plaintiffs' letter dated September 4, 2024. (*See* ECF No. 29.)

At the outset, DA defendants agree with plaintiffs that "an agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal." *Fezzani v. Bear, Stears & Co.*, 2023 U.S. Dist. LEXIS 124711, at *16 (S.D.N.Y. July 19, 2023). (*See* ECF No. 29 at 4.) We also agree that this issue is largely "academic" in light of the Court's Order of August 30, 2024. (*Cf.* ECF No. 29 at 5.) Nevertheless, the DA defendants respectfully submit that it is necessary to clarify the record.

As this Court is aware, the instant civil actions were commenced on July 22, 2024. (*See* ECF No. 1.) Therefore, the email sent by plaintiffs dated June 10, 2024, (*see* ECF No. 29-1 at 4-5), which obliquely referred to an as-yet unfiled "federal case," (*id.* at 4), is not sufficient to place the DA defendants on notice that they would, six weeks later, be listed as defendants. Accordingly, plaintiffs could not reasonably infer that representations, made in emails by a DANY attorney regarding a pending application for a state court subpoena, applied to bind the DA defendants who were not parties to a litigation that had not begun.

---

[1] Sued herein as "Jeff Salta".
[2] The DA defendants are submitting identical letter motions on both dockets.

Likewise, service of a notice of claim pursuant to General Municipal Law ("GML") § 50-e (*see* ECF No. 29 at 2, 4), is only a condition precedent with respect to claims arising from state law. *See* GML § 50-i; *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). A notice of claim is not a requirement to seek relief in federal court on allegations of federal constitutional violations. *See Wray v. City of New York*, 340 F. Supp. 2d 291, 305 (E.D.N.Y. 2004). Nor is a notice of claim a substitute for a summons and complaint. *See Vega v. City of New York,* 194 A.D.2d 537 (2d Dept. 1993) (citing *Avery v. Village of Gordon*, 132 A.D.2d 784 (3d Dept. 1987)). Furthermore, a notice of claim does not specify which, if any, court, jurisdiction, or venue a civil action may eventually commence. It was not reasonable for plaintiffs to assume—without clarification—that the response of the DANY attorney assigned to the state Court of Claims matter conveyed authority to accept service on behalf of individual defendants in the instant matter, which again, did not yet exist when the notice of claim was filed, nor when it was referenced in plaintiff's June 10th email.[3] In any event, Plaintiffs argument relies solely on acts of the agent, which plaintiffs concede is insufficient.

Moreover, far from being a "fantastical coincidence," (ECF No. 29 at 4), it was only after DANY learned of the commencement of the instant § 1983 actions on August 13, 2024, based upon plaintiffs' purported attempt to effect service on the DA defendants that date, that this Office could (and did) seek and obtain the requisite authority to accept service from those individuals as part of DANY's process to assume representation of those defendants.

Plaintiffs bear the burden of establishing proper service. *See Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order). Yet, even after the July 22nd commencement of these actions, they failed to be explicit in their requests of this Office, failed to identify the individual defendants they were inquiring about, and failed to specify which case they were referring to. Now, plaintiffs seek to take advantage of the ambiguity which they both created and failed to resolve. The Court should find that service of the DA defendants on August 13, 2024, was invalid.

The DA defendants respectfully thank the Court for its attention to this matter.

Respectfully submitted,

/s/ *Corey S. Shoock*

**Corey S. Shoock, Esq.**
*Associate General Counsel*
Office of the General Counsel
 Civil Litigation Unit
*Attorneys for the DA Defendants*
shoockc@dany.nyc.gov

---

[3] Indeed, aside from the email exchange begun by the undersigned on August 28, 2024, (*see* ECF No. 29-4), the subject lines of the correspondence between DANY's attorneys on the Court of Claims case and plaintiffs' counsel, which plaintiffs partially annex to their September 4th letter, each refer to the Court of Claims proceedings. (*See* ECF Nos. 29-1, 29-2, and 29-3.) In fact, the rest of plaintiffs' June 10th email refers to the ongoing litigation concerning DANY's response to the nonparty subpoena motion filed by plaintiffs (as claimants) in state court. (*See* ECF No. 29-1 at 5.)

cc: The Law Offices of James Henning & Associates, PLLC (By ECF)
*Attorneys for Plaintiff*
16 Court Street, Suite 503
Brooklyn, New York 11241
Attn: Carissa Caukin, Esq.
James Henning, Esq.

New York City Law Department (By ECF)
*Attorneys for Defendant City of New York*
100 Church Street
New York, New York 10007
Attn: Brian Francolla, Esq.
*Senior Counsel*
Special Federal Litigation Division