UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

DAVID WARREN,

                      Plaintiff,

        -against-

CITY OF NEW YORK, ET AL.,

                      Defendants,

———————————————————————X

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

24-CV-5085 (DG)(JAM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

ERIC SMOKES,

                      Plaintiff,

        -against-

CITY OF NEW YORK, ET AL.,

                      Defendants,

———————————————————————X

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

24-CV-5086 (DG)(JAM)

**WHEREAS,** Alvin L. Bragg, Jr., District Attorney of the County of New York ("DANY") in his capacity as Special Assistant Corporation Counsel of the City of New York and attorney for defendants Michael Goldstein, Susan Axelrod, David Drucker, Bonnie Sard, William Darrow, Charles King, Consuelo Fernandez,[1] Christine Keenan, Terri Rosenblatt, Peter Salerno, and Jeffrey Salta,[2] (hereinafter, the "DA defendants"), intends to produce certain documents and information pursuant

---

[1] Being sued herein as "Consuela Fernandez".
[2] Being sued herein as "Jeff Salta".

to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that DA defendants deem or may deem to be confidential, private, or otherwise inappropriate for public disclosure;

**WHEREAS,** DA defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for plaintiffs, DA defendants, and co-defendant City of New York, that documents and information shall be provided in accordance with the terms of this Stipulation of Confidentiality and Protective Order as follows:

1. As used herein, the "Parties" shall mean Eric Smokes, David Warren, the above-listed DA defendants, the City of New York, and all individual defendants represented by the Office of the Corporation Counsel of the City of New York pursuant to the above-captioned Actions.

2. The "Actions" shall mean *David Warren v. City of New York, et al.*, 24-CV-5085 (DG)(JAM), and *Eric Smokes v. City of New York, et al.*, 24-CV-5086 (DG)(JAM). The "Related Matters" shall mean *Eric Smokes v. State of New York*, New York Court of Claims, Claim No. 141835; *David Warren v. State of New York*, New York Court of Claims, Claim No. 141836.

3. As used herein, "Confidential Materials" shall mean all records, and only those records, produced by DANY pursuant to these Actions, which shall be so designated by Bates stamps that clearly indicate the records were produced by DANY.

4. Copies of some records produced by DANY that are already in the possession of the Parties, are available in the public record, and/or are independently available from other sources; those

copies, which do not bear the designated Bates stamps, shall not be considered "Confidential Materials".

5. The Parties shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the Parties' cases, or for settlement or audit purposes, in these Actions and any appeal therefrom, the Related Matters, and any appeal therefrom; and any other future civil rights action arising from the same alleged facts and circumstances as these Actions, brought by Eric Smokes or David Warren, only, against the City of New York and yet-to-be named individual defendants, and any appeal therefrom.

6. Counsel for Parties shall not disclose the Confidential Materials to any person, except that disclosure may be made to:

(a) the parties in these Actions and the Related Matters;

(b) counsel for the parties in these Actions and the Related Matters, and their secretaries, legal assistants, paralegals, investigators, litigation support vendors or other support personnel as reasonably necessary to assist counsel in these Actions or the Related Matters (collectively "Litigation Counsel");

(c) an expert or consultant who has been retained or specially employed in connection with one or more of the Actions and the Related Matters;

(d) a witness and their counsel at a deposition;

(e) a witness who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "Confidential" and such witness's counsel;

(f) the Office of the New York City Comptroller;

(g) Corporation Counsel for the City of New York;

(h) other counsel representing a party in any of the Actions or Related Matters;

    (i)  the Court, in any of the actions listed in Paragraph 5; or

    (j)  court reporters and videographers who are retained to transcribe or videotape testimony, in any of the actions listed in Paragraph 5.

  7.  Before any disclosure is made to an expert, as contemplated in subparagraph (c) of the above paragraph, counsel shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing not to use the Confidential Materials for any purpose other than in connection with the prosecution of the Actions and the Related Matters, and not to further disclose the Confidential Materials except in testimony given in connection with such action or actions. The signed consent shall be retained by counsel and a copy shall be furnished to undersigned parties upon their request.

  8.  If any papers that incorporate Confidential Materials, or reveal the contents thereof, are to be filed with the Court, the Parties shall make a joint application to the Court for permission to file those papers under seal. Upon receipt of permission, the Parties shall file the papers under seal.

  9.  Upon request of any of the undersigned parties, within 45 days after the termination of the last of the actions listed in Paragraph 5 that is still pending, including any appeals, the Confidential Materials, including all copies, shall be returned to opposing counsel or, upon consent, destroyed.

  10.  The use of any Confidential Materials for the purpose of any trial or any hearing which is open to the public is not addressed at this time, and the provisions herein are without prejudice to the right of any party to apply for a court order permitting use or disclosure of Confidential Materials at a hearing or trial.

  11.  If a party or witness and their counsel objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Parties, and counsel shall in good faith attempt to resolve such conflict. If, despite good faith effort, the dispute

cannot be resolved informally by the parties, the party or witness and their counsel contesting the designation or restriction on access may seek relief from the Court. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

12. This Stipulation and Protective Order shall be binding upon the undersigned parties immediately upon signature and shall be submitted to the Court for entry as an order in *David Warren v. City of New York, et al.*, 24-CV-5085 (DG)(JAM), and *Eric Smokes v. City of New York, et al.*, 24-CV-5086 (DG)(JAM).

13. This Stipulation and Protective Order shall remain in effect until further order of the Court.

14. This Stipulation and Protective Order may be executed in separate counterparts, including facsimile, and the signatures will serve as originals for purposes of this Stipulation and Protective Order only.

Dated: New York, New York
November 20, 2024

LAW OFFICES OF JAMES
HENNING & ASSOCIATES, PLLC
*Attorneys for Plaintiff*
16 Court Street, Suite 503
Brooklyn, New York 11241

By: _____

ALVIN L. BRAGG, JR.
District Attorney, New York County, as Special Assistant Corporation Counsel of the City Of New York
*Attorney for DA Defendants*
One Hogan Place
New York, New York 10013

By: _____

MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for the City of New York*
100 Church Street
New York, New York 10007

By: _____

SO ORDERED:

*Joseph A. Marutollo*
_____
HON. JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE

Dated: November 20, 2024

# EXHIBIT "A"

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matters entitled *David Warren v. City of New York, et al.*, 24-CV-5085 (DG)(JAM) and *Eric Smokes v. City of New York, et al.*, 24-CV-5086 (DG)(JAM), have been designated as "Confidential". I have been informed that any such documents or information labeled "Confidential" are confidential by Order of the Court. I hereby agree that I will not disclose any such information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print Name: _____

Sign Name: _____

Dated: _____

Signed in the presence of:

_____
(Attorney)